# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| Maurice K. Mason | ) |
|     Plaintiff, | ) 3:14-cv-0107 JWS |
|     vs. | ) ORDER AND OPINION |
| Federal Express Corporation, *et al*. | ) [Re: Motions at dockets 81 and 84] |
|     Defendants. | ) |

## I. MOTIONS PRESENTED

At docket 81 plaintiff Maurice K. Mason ("Mason") moves for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), supported by affidavits from his two lawyers at dockets 82 and 83. At docket 84 Mason moves for an award of prejudgment interest pursuant to D.Ak. L.R. 58.1(d), supported by his own affidavit at docket 85. Defendants Federal Express Corporation; FedEx Trade Networks Transport & Brokerage, Inc.; Aetna Life Insurance Company; Federal Express Corporation Short Term Disability Plan; and Federal Express Corporation Long Term Disability Plan (collectively, "Defendants") respond to both motions at docket 89. Mason replies at docket 90.

At docket 93 Michael Flanigan ("Flanigan"), one of Mason's lawyers, filed a supplemental affidavit to update his attorney's fees. At docket 102 Mason filed a notice of a reduction in his claim for attorney's fees to remove time that Flanigan spent on Mason's claim that arose under 29 U.S.C. § 1132(c). And, at docket 96 Mason filed a supplemental brief regarding his claim for prejudgment interest on his award of LTD benefits.

Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

The court has described the background giving rise to this litigation in detail in the order at docket 74. It need not be repeated here. Suffice it to say for present purposes that Mason's complaint asserts the following four claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"):[1] (1) wrongful denial of Mason's STD benefits claim; (2) wrongful refusal to consider his LTD benefits claim; (3) breach of fiduciary duty; and (4) failure to provide requested plan documents (under § 1132(c)). After the parties filed cross-motions for partial summary judgment, the court granted Mason partial summary judgment on his STD cause of action as to all defendants, except his employer, FedEx Trade Networks Transport & Brokerage, Inc. ("FedEx Trade"). The court granted summary judgment to FedEx Trade, holding that it is not a proper party to this action. As Mason concedes, this decision eliminated FedEx Trade from the case.[2]

The court partially remanded the case to the STD claims administrator to determine the amount of STD payments to be made to Mason and to the LTD claims administrator to determine the amount to be paid to Mason for past LTD benefits under the LTD Plan. Mason filed a motion at docket 79 requesting an evidentiary hearing on his § 1132(c) claim against Federal Express Corporation ("FedEx Corp."), but this

---

[1] 29 U.S.C. §§ 1001-1461.

[2] Doc. 79 at 4.

motion became moot when the parties settled the § 1132(c) claim. Pursuant to the settlement agreement, Mason reduced his request for attorney's fees by five hours.[3]

### III. STANDARD OF REVIEW

Courts have discretion to allow reasonable attorney's fees and prejudgment interest in ERISA cases.[4] Defendants do not dispute that Mason is entitled to recover prejudgment interest or his attorney's fees. Instead, they argue that Mason has not sufficiently established the validity of the sums he seeks.

### IV. DISCUSSION

**A. Mason's Attorney's Fee Request**

The Ninth Circuit recognizes a two-step approach to determining the amount of attorney's fees in ERISA actions.[5] Under this approach, the court first determines the loadstar by multiplying the hours reasonably expended on the case by a reasonable hourly rate.[6] "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."[7] Next, "in rare and exceptional cases," the court may adjust the lodestar upward or downward based on eleven factors[8] set out by the Supreme Court in *Hensley v. Eckerhart*.[9]

---

[3] Doc. 102.

[4] *See* 29 U.S.C. § 1132(g)(1) (attorney's fees); *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007) (prejudgment interest).

[5] *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

[6] *Id.*

[7] *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

[8] *Id.* at 946.

[9] 461 U.S. 424, 430 n.3 (1983). These eleven factors are: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances;

1. **The lodestar**

   a. **Hours reasonably expended**

Mason's two lawyers initially submitted affidavits stating that they spent a combined 171.8 hours litigating this case (67.7 hours from Flanigan plus 104.1 hours from Paula M. Jacobson ("Jacobson")) and paralegal Lisa Gallager ("Gallager") spent 52.9 hours.[10] In a supplemental affidavit, Flanigan added 17 more hours to his total.[11] Flanigan then reduced his hours by five[12] in accord with the parties' stipulation at docket 100. All told, Mason is seeking to recover 183.8 hours of total attorney time (79.7 from Flanigan and 104.1 from Jacobson) and 52.9 hours of paralegal time.

Defendants challenge many of the time entries as excessive. "[T]he burden of producing a sufficiently cogent explanation" for why a specific time entry is excessive is placed mostly "on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices."[13] Defendants argue that Jacobson's and Gallager's hours are excessive because their firm merely drafted the initial complaint and worked on the case through the filing of the administrative record. They also challenge several of Flanigan's time entries because, according to Defendants, this case "did not raise any unique issues that required lengthy analysis or briefing."[14]

---

(7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the 'undesirability' of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n.2.

[10]Doc. 82; doc. 83.

[11]Doc. 93-1.

[12]Doc. 102.

[13]*Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

[14]Doc. 89 at 5.

Defendants challenge 23 specific time entries. With regard to 22 of these 23 entries, Defendants state baldly that the entries are excessive. Because Defendants fail to provide specific explanations for why any of these entries are excessive, and the court does not find any of them to be objectively unreasonable, Defendants have failed to meet their burden with regard to these objections. The lone exception is Defendants' objection to the 2.5 hours that Gallager spent on November 10, 2014, conducting legal research into "estoppel theory, Plan's failure to delegate fiduciary duties (as relevant to standard of review.)."[15] Defendants note that this was not a theory that Mason pursued in this case, and Mason effectively concedes that this time was not reasonably spent by not responding to Defendants' specific objection. The court will reduce Gallager's hours by 2.5. Mason will be awarded 183.8 hours of total attorney's time, (79.7 from Flanigan and 104.1 from Jacobson) and 50.4 hours of paralegal time.

### b. Reasonable hourly rate

Mason submits that $300 is a reasonable hourly rate for his attorneys' work, and $100 per hour is a reasonable rate for paralegal work. Defendants do not challenge the paralegal rate, but do argue that Mason has not met his burden of showing that $300 per hour is the prevailing market rate for the services of lawyers in this community with Flanigan's and Jacobson's experience.

Jacobson's affidavit states that she has 26 years of experience handling civil matters, including ERISA cases, but does not cite any examples where a court has awarded her $300 per hour for her work. Similarly, Flanigan's affidavit states that he has 36 years of experience, but cites no cases in which he was awarded the rate he seeks.

---

[15]Doc. 83-1 at 1.

In reply, Mason submits *Horton v. Tesoro*[16] and *Avila v. Pediatrix*,[17] cases where courts awarded Flanigan fees at a rate of $300 per hour. In neither case did the defendant challenge the reasonableness of Flanigan's requested $300 hourly rate.[18] Although Jacobson was not involved in these cases, her experience is roughly comparable to Flanigan's. The court finds that these cases are satisfactory evidence of the prevailing market rate for both Flanigan's and Jacobson's services.[19]

Defendants' two arguments to the contrary are unpersuasive. First, Defendants argue that Jacobson's rate is excessive because her website shows that she charges her clients $275 per hour. This argument lacks merit because what an attorney actually charges her client is not the prevailing market rate.[20] Second, Defendants argue that the prevailing rate in this community is $175-$200 based on *Hamby v. Walker*, where the court awarded fees at a rate of $175 per hour for a lawyer who "was only recently admitted to the bar."[21] Defendants provide no explanation for why this relatively low rate should apply to lawyers with Flanigan's and Jacobson's extensive experience.

**2. Adjustments to the lodestar**

Defendants argue that the lodestar should be adjusted downward because the issues in this case were not particularly difficult or novel. According to Defendants, "[t]he key facts in this case were undisputed and the central legal issue—whether the

---

[16] No. 3:10-cv-00171 (D. Alaska March 18, 2014). *See* doc. 90-1.

[17] No. 3:10-cv-00119 (D. Alaska March 16, 2014). *See* doc. 90-2.

[18] Doc. 90-1 at 6; doc. 90-2 at 4.

[19] *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990) ("[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

[20] *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party.").

[21] No. 3:14-CV-00089, 2015 WL 1712634, at *4 (D. Alaska Apr. 15, 2015).

objective medical evidence supported a finding of occupational disability—does not present an especially complex issue."²²

In most cases, the novelty and difficulty of the issues presented is factored into the lodestar calculation.²³ The less novel or difficult the issues presented, the less reasonable it is for the attorney to expend significant time litigating. In rare cases, however, a court may adjust the lodestar downward because the issues presented were so exceptionally simple and basic that it would be unfair to award fees based on the lodestar.²⁴ For example, if an inexperienced attorney spends an inordinate amount of time litigating a very simple case, a downward adjustment may be warranted.

This case involves neither inexperienced lawyers nor simple issues. Mason's attorneys had to comb through hundreds of pages of documents containing years of records from a wide variety of treating and non-treating medical experts. That the relevant diagnosis, Stiff Person Syndrome, is an "extremely rare and poorly understood malady"²⁵ further complicated presentation of the issues. It is obvious that the issues presented in this case were not so simple nor the lawyers so inexperienced that the lodestar should be adjusted downward.

### 3. The lack of a judicial resolution of Mason's LTD benefits claim does not preclude his recovery of attorney's fees

Mason's LTD benefits claim alleges that Defendants refused to consider Mason for LTD benefits because he did not qualify for STD benefits. Defendants note that the

---

²²Doc. 89 at 3.

²³*See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 726 (1987).

²⁴*Cf. Blum v. Stenson*, 465 U.S. 886, 898-99 (1984) ("The novelty and complexity of the issues presumably were fully reflected in the number of billable hours recorded by counsel and thus do not warrant an upward adjustment in a fee based on the number of billable hours times reasonable hourly rates.").

²⁵Doc. 32-2 at 8.

court's order at docket 74 only awarded Mason STD benefits, not LTD benefits. They argue that any award against the LTD plan should therefore be denied.

Although Mason did not seek summary judgment on his LTD benefits claim, the court's decision all but resolved that claim in his favor by holding that Mason was entitled to STD benefits. After all, the LTD plan used Mason's ineligibility for STD benefits as the basis for not considering him for LTD benefits. Once the court issued its decision regarding STD benefits, Defendants paid Mason past-due LTD benefits.[26] Because Mason achieved "some success on the merits," he is entitled to attorney's fees.[27]

### 4. FedEx Trade is not liable for Mason's attorney's fees

Finally, Defendants observe that FedEx Trade is not liable for any attorney's fees because all claims against it were dismissed. Mason responds by arguing that he should not have his attorney's fees reduced simply because he did not prevail on all issues in this case.[28] This misses the point. Defendants are not arguing that Mason's attorney's fees should be reduced, they are arguing that FedEx Trade is not liable for those fees because it was not a proper party to this case. Because Mason has not shown that FedEx Trade is jointly and severally liable for its co-defendants' actions, the court agrees with Defendants.[29]

---

[26] Doc. 94.

[27] *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 256 (2010).

[28] Doc. 90 at 5 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009)).

[29] *See Clark v. Capital Credit & Collection Servs., Inc.*, 561 F. Supp. 2d 1213, 1223 (D. Or. 2008) ("Because the defendants are not jointly and severally liable for either plaintiffs' claims or for attorney's fees and costs, I must determine the share of attorney's fees for which they are separately liable.").

**B.     Prejudgment Interest**

A "district court may award prejudgment interest on an award of ERISA benefits at its discretion."[30] "Generally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate.'"[31] Because prejudgment interest is an element of compensation, the court may award prejudgment interest at a rate that compensates the plaintiff for "the losses he incurred as a result of [the defendant's] nonpayment of benefits."[32]

Mason argues that the post-judgment interest rate under 28 U.S.C. § 1961, which is lower than 1%, is inadequate.[33] He has submitted an affidavit in which he states that Defendants' nonpayment of benefits caused him to borrow money from cash advance and credit card companies at an interest rate that "exceeded 20%."[34] He now seeks prejudgment interest at a rate of 10% per annum.[35] Defendants argue that court should reject Mason's request because he has not submitted substantial evidence to support it.

"Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[36] The only evidence in the record is Mason's statement that he was charged an unspecified interest rate on

---

[30]*Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627-28 (9th Cir. 2007).

[31]*Id.* (quoting *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir.1994)).

[32]*Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001).

[33]Doc. 84 at 2.

[34]Doc. 85.

[35]Doc. 84 at 4.

[36]*Blankenship*, 486 F.3d at 628 (citation omitted).

unspecified sums borrowed from unspecified cash advance and credit cards. All Mason tells the court is that his interest rate exceeded 20% per annum. Mason does not explain why 10% would be appropriate or how he arrived at that figure. Considering this sparse evidence, no reasonable person would conclude that Mason has adequately established that 10% prejudgment interest on the entire amount of improperly withheld benefits is necessary to make him whole.

## V. CONCLUSION

For the reasons set forth above, Mason's motion at docket 81 is granted. He will be awarded $60,180 in attorney's fees ($55,140 for 183.8 hours of attorney time at $300 per hour, plus $5,040 for 50.4 hours of paralegal time at $100 per hour). Mason's motion at docket 84 is granted in part as follows: Prejudgment interest is awarded at the rate prescribed by 28 U.S.C. § 1961.

DATED this 28th day of July, 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT